UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | **(Under Seal)** |
| **WILVER LOPEZ,** | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
AND FILES AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS

The United States of America, by and through its attorney, Ronald C. Machen Jr., the United States Attorney for the District of Columbia, respectfully submits this motion to seal the accompanying Criminal Information, as well as all other pleadings, proceedings, records and files in this case, including the instant Motion to Seal, and to delay entry on the public docket of this Motion to Seal and all related matters. In support of this motion, the government cites the following points and authorities.

The defendant in this case was indicted following a long-term criminal investigation involving distribution and possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a). Defendant has agreed to enter a plea of guilty to the attached Information and to cooperate with the United States in its prosecution of others.

The sealing is necessary because the Information and other future pleadings contain sensitive information, the disclosure of which would not be in the interest of the government or the public. Law enforcement believes that persons known to the defendant who will become targets in an

investigation in which the defendant will cooperate with law enforcement may endanger law enforcement personnel and other confidential civilian witnesses if those persons become aware of the contemplated investigation and defendant's cooperation in that investigation. Accordingly, it is essential that any information concerning defendant's plea of guilty and the terms of his agreement with the United States be kept sealed for the time being.

Based on the nature of the contemplated criminal investigation, the government submits that public disclosure of the Information would likely compromise the prosecution of criminal Indictment by: (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting the co-defendants and their criminal associates of the defendant's cooperation; and (3) causing the defendant and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general but particularly where, as here, potential defendants are located outside the territory of the United States.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and

a compelling governmental interest which justify not only the sealing of the criminal Information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until: (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).  Further, the plea in this matter is the result of negotiations with the defendant in which defendant was represented by Christopher Davis, Esquire, and Mr. Davis advises that his client has no objection to this motion.

**WHEREFORE**, it is respectfully requested that this motion be granted.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar Number 447889

By: _____

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D.C. Bar 166991
(202) 252-7713
Bill.J.O'Malley@usdoj.gov

_____

CASSIDY KESLER PINEGAR
Assistant United States Attorney
D.C. Bar 490163
(202) 252-7765
Cassidy.Pinegar@usdoj.gov

555 Fourth Street, N.W.
Washington, D.C. 20001

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by e-mail on counsel for defendant, Christopher Davis, at cdavisdc@aol.com, this ___ day of March, 2011.

                                                    _____
                                                    Assistant United States Attorney